UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Yi-Han Liou

v.                                                    Case No. 1:26-cv-00089-JL-AJ

Patricia Hyde, et al.

**ORDER**

## I.    Background

Before the court is the habeas petition brought by Yi-Han Liou challenging her ongoing ICE detention.[1]  After reviewing the petition, the court ordered the respondents to show cause why it should not afford Liou the same relief ordered in *Destino v. FCI Berlin*, 2025 WL 4010424 (D.N.H. Dec. 24, 2025) (Elliott, C.J.).[2]  While respondents initially objected to the applicability of *Destino* in this case, they subsequently filed a "Motion for Order for Bond Hearing" requesting that the court "grant the petition to the extent that it issue an order for petitioner to appear before an Immigration Judge for a bond hearing and ruling on bond pursuant to 8 U.S.C. § 1226(a) as soon as practicable."[3]  Based on that request, this court ordered that petitioner receive a bond hearing before an Immigration Judge as soon as practicable.[4]  The Immigration Judge held the court-ordered bond hearing, which resulted in a bond denial based on the Immigration Judge's findings that Liou "is a danger to the community" and, "[i]n the alternative," "a flight that no amount of bond can ameliorate."[5]

Asked to show cause why the court should not close the case, Liou filed a motion asserting that her prolonged detention violates due process and asking the court to order her immediate release.[6]  Specifically, she contends that her fourteen-month immigration detention "has far exceeded" the presumptively reasonable period under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and maintains that her removal is not reasonably foreseeable due to her ongoing asylum proceedings.[7]  Though Liou does not challenge the constitutional adequacy of the bond hearing she received at the order of this court, she maintains that a bond hearing is "no longer an adequate remedy" given, inter alia, the length of her detention to date, the absence of foreseeable removal, and her medical needs as an individual "recovering from a form of cancer."[8]

---

[1] Doc. no. 1.
[2] Doc. no. 13.
[3] Doc. no. 27 at 1-2.
[4] Summary Order for Bond Hearing (doc. no. 28).
[5] Mar. 31, 2026 Order of the Immigration Judge (doc. no. 29-1).
[6] Doc. no. 30.
[7] *Id.* at 1-2.
[8] *Id.* at 3.

## II.    Order for supplemental briefing

While Liou may enjoy limited rights with respect to removal or release under the INA due to her status as a violator of the Visa Waiver Program, *see* 8 U.S.C. § 1187(b)(2), many circuit and district courts—including this one—have expressed doubts concerning the constitutionality of prolonged mandatory detention during pending removal proceedings. *See Fils-Aime v. FCI Berlin, Warden*, 808 F. Supp. 3d 218, 224 (D.N.H. 2025) (collecting cases). At fourteen months, Liou's detention is within the range of detentions that courts have deemed unreasonably prolonged. *See, e.g., Smorodska v. Strafford Cnty. Dep't. of Corr., et al.*, No. 1:20-cv-446-JL, Order at *3 (D.N.H. May 14, 2020) (citing *Reid v. Donelan*, 390 F. Supp. 3d 201, 219 (D. Mass. 2019), *aff'd in part, vacated in part, remanded,* 17 F.4th 1 (1st Cir. 2021)) (noting that "detention is likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics").

Liou's motion, however, fails to set forth a sufficient factual or legal basis to justify the relief she requests. Accordingly, on or before **April 23, 2026**, counsel is directed to file a supplemental memorandum, not to exceed fifteen (15) pages, addressing whether Liou's continued detention by ICE violates her due process rights and the appropriate remedy for any such violation under the four-factor test found in *A.L. v. Oddo*, 761 F. Supp. 3d 822, 826 (W.D. Pa. 2025); namely, (1) the length of the petitioner's detention, (2) likely duration of future detention, (3) the reasons for the delay, and (4) whether the conditions of confinement are "meaningfully different from criminal punishment." *See Fils-Aime*, 808 F. Supp. at 825 (applying same four-factor test to assess whether a petitioner's detention had become unreasonable under the Due Process Clause).[9] The respondents shall have until **April 30 t**o file any opposition to Petitioner's submission.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: April 13, 2026

Cc: Counsel of record

---

[9] The court recognizes that courts have taken different approaches to determining whether a petitioner is entitled to habeas relief due to the length of his or her detention. *See, e.g., Reid v. Donelan*, 819 F.3d 486 (1st Cir. 2016), *opinion withdrawn on reconsideration,* No. 14-1270, 2018 WL 4000993 (1st Cir. May 11, 2018). To the extent either party believes a different test provides a more appropriate framework for assessing the constitutionally of Liou's continued detention, they shall identify the alternative framework in their submission to the court.